IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN PAUL BICKETT ) <br> 1016 Polley Drive ) <br> Bardstown, KY 40004 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> C/O Office of the Attorney General ) <br> 950 Pennsylvania Avenue, NW ) <br> Washington, DC 20530-0001 ) <br> ) <br> Defendant. ) <br> _____) | COMPLAINT <br> 18 USC §925A |

**COMES NOW** the Plaintiff, by and through undersigned counsel, and alleges as follows:

## PARTIES

1. Plaintiff, John Paul Bickett ("Plaintiff") is an adult male citizen of the Commonwealth of Kentucky.

2. Defendant United States of America ("USA") is a jural entity.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§1331, 1346, 2202; 18 U.S.C. §925A; since the United States is a Defendant and the case arises under the Constitution and laws of the United States.

4. Venue is proper under 28 U.S.C. §1391(b)(1).

## STATEMENT OF FACTS

5. 18 U.S.C. §922(g)(1) provides that:

"It shall be unlawful for any person-- (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

***

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

6. 18 U.S.C. §921(a)(20) provides that:

The term "crime punishable by imprisonment for a term exceeding one year" does not include—

(A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or
(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. **Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.** (emphasis added).

7. Plaintiff was charged by the Commonwealth of Kentucky for the following: Trafficking in marijuana over five pounds; Trafficking in marijuana while in possession of a handgun; and Carrying a concealed deadly weapon.

8. Shortly thereafter, the Commonwealth of Kentucky amended the charge to trafficking in marijuana more than eight ounces.

9. Plaintiff was alleged to have committed the aforementioned crimes on November 29, 1994.

10. On February 23, 1996, Plaintiff was offered a plea deal to plead guilty to the amended charge of trafficking in marijuana more than eight ounces, and the Commonwealth would dismiss the trafficking in possession of a handgun and carrying a concealed deadly weapon charges.  A true and correct copy of the Commonwealth's Offer on a Plea of Guilty is attached as Exhibit "1."

11. After Plaintiff plead guilty, on April 4, 1996, the court entered its Final Judgment of Conviction, accepting Plaintiff's plea and sentencing Plaintiff to five (5) years incarceration, court costs, and a fine of $500.00 to be paid to the DARE program.  A true and correct copy of the Final Judgment of Conviction is attached as Exhibit "2."

12. After serving his time and becoming a law abiding citizen and leading a law abiding and exemplary life since the time of his conviction, Plaintiff was granted a pardon.

13. This pardon, by Governor Steven L. Beshear of the Commonwealth of Kentucky states, in part, as follows:

> I, Steven L. Beshear, Governor of the Commonwealth of Kentucky, in consideration of the foregoing, and by the virtue of the authority vested

    in me by Section 77, 145, and 150 of the Constitution of the Commonwealth of Kentucky, do hereby grant a full, complete and unconditional pardon to John Paul Bickett for any felony conviction in Circuit Court of the Commonwealth of Kentucky for offenses committed in the Commonwealth of Kentucky up to and including the date hereof and return to him/her all rights and privileges of a citizen of this Commonwealth.

This was signed by Governor Beshear on December 7, 2015. A true and correct copy of the pardon is attached as Exhibit "3."

14. Specifically, this pardon does not restrict Plaintiff's firearm rights in any way.

15. Pursuant to 18 U.S.C. § 921(33)(B)(ii):

    A person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

16. A full, complete and unconditional pardon restored the Plaintiff's firearms rights, including the right to purchase, possess, transfer and own firearms.

17. After Plaintiff was pardoned by the Governor, Plaintiff attempted to purchase a firearm from a Federal Firearms Licensee.

18. Plaintiff was denied his attempt and was assigned NTN # 32ZL-6Z2.

19. Plaintiff requested the reason for his denial and was provided a document purporting to provide a reason for the denial. However, the document merely recited

various prohibiting offenses under 18 U.S.C. §§ 922 and 921.  A true and correct copy is attached as Exhibit "4."

20. Plaintiff appealed the denial and was provided an additional letter, dated March 10, 2016, that narrowed the prohibitors down and stated he was prohibited under the law due to: "A person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year or any state offense classified by the state as a misdemeanor and is punishable by a term of imprisonment of more than two years."  A true and correct copy is attached hereto as Exhibit "5."

21. The March 10, 2016 letter advised that the agency "is currently processing cases received in June 2015.

22. The agency now states that it "is currently processing appeal cases and Voluntary Appeal File (VAF) cases received in August 2015.[1]

23.  Plaintiff has waited over a year and a half to have his records corrected by the Defendant and has been denied his Second Amendment right to purchase a firearm since then.

24. Plaintiff is not a prohibited person under either state or federal law to own, possess, receive or transport firearms.

---

[1] https://www.fbi.gov/services/cjis/nics/national-instant-criminal-background-check-system-nics-appeals (last accessed June 26, 2017).

25. Under 28 C.F.R. § 25.10, the FBI has an obligation to verify the record correction with the originating agency and take all necessary steps to correct the record in NICS.  This is not a discretionary duty.  Instead, NICS improperly shifts the burden back to individuals to remedy.

26. On January 20, 2016, USA Today reported that the FBI is halting "the processing of thousands of appeals from prospective buyers whose firearm purchase attempts have been denied."[2]

27. Mandating that Plaintiff wait an unknown number of years to update its records so Plaintiff can exercise his constitutional rights is untenable.  "The time has come to treat the Second Amendment as a real constitutional right. It's here to stay." *Fisher v. Kealoha*, 855 F.3d 1067, 1072 (9th Cir. 2017) (Kozinski,, J., ruminating).

28.  While the agency claims to be processing appeals, it would take years and it is an insufficient remedy when Plaintiff's rights are being denied erroneously.  Plaintiff should be deemed to have exhausted his administrative remedies.

29. Plaintiff has received a full and unconditional pardon from his Governor and has been restored to the position he was in before his guilty plea, including his Second Amendment right to keep and bear arms.

## COUNT I

---

[2] http://www.usatoday.com/story/news/nation/2016/01/19/fbi-guns-background-checks/78752774/?siteID=je6NUbpObpQ-BbTAhOhBe3xFjZr6NOLwLQ (last accessed June 26, 2017).

30. Plaintiff incorporates each previous paragraph as if set forth herein again.

31. 18 U.S.C. § 925A provides

    Any person denied a firearm pursuant to subsection (s) or (t) of section 922—

    (1) due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act; or

    (2) who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922,

    may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be. In any action under this section, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.

32. Plaintiff requests that an order issue directing that any erroneous information be corrected and the transfer be approved.

33. Defendant's conduct burdens Plaintiff's Second Amendment rights as it prohibits him from purchasing firearms in his state of residence: Kentucky.

34. Defendant's conduct additionally burdens Plaintiff's Second Amendment rights as Defendant acts to arbitrarily and capriciously revoke Plaintiff's rights without due process of law.

35. Plaintiff has a right to purchase a firearm from a Federal Firearms Licensee (FFL), and but for Defendant denying Plaintiff his rights, Plaintiff would be allowed to purchase a firearm from an FFL.

36. Additionally, Plaintiff is not a prohibited person and the Defendant should be immediately enjoined from denying Plaintiff his Second Amendment rights.

37. Plaintiff also requests that an order issue directing Defendant to issue Plaintiff a UPIN (Unique Personal Identification Number) so future transactions may proceed without delay.

38. Plaintiff also requests an award of his attorneys' fees and costs and requests any other relief that he may be entitled to.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(1) Order Defendant to correct its records on Plaintiff to reflect that he is not forbidden to purchase, receive, transport or possess a firearm;

(2) Order Defendant to allow the transfer of the firearm;

(3) Order Defendant to issue Plaintiff a UPIN; and

(4) That Plaintiff be awarded his costs and attorney's fees and all other relief he is entitled to.

Dated: June 28th, 2017.

Respectfully Submitted,

JOHN PAUL BICKETT

**/s/ Stephen D. Stamboulieh**
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS 39130
(601) 852-3440
stephen@sdslaw.us
DC District Court Bar# MS0009
*Counsel for Plaintiff*